

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

*970 Broad Street, 7th floor*         *973-645-2700*
*Newark, New Jersey 07102*

CSS/PL AGR
2024R00863

August 13, 2025

Michael Baldassare, Esq.
Baldassare & Mara, LLC
75 Livingston Ave., Suite 101
Roseland, NJ 07068

      Re:   <u>Plea Agreement with Jack Wilder</u>

Dear Mr. Baldassare:

This letter sets forth the plea agreement between your client, Jack Wilder ("Wilder"), and the United States Attorney's Office for the District of New Jersey ("this Office"). This offer will expire on **August 27, 2025**, if it is not accepted in writing by that date. If Wilder does not accept this plea agreement, his sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

<u>Charge</u>

Conditioned on the understandings specified below, this Office will accept a guilty plea from Wilder to a two-count Information, which charges Wilder with (a) in Count One, receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A) and (b)(1) and (b) in Count Two, possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2). If Wilder enters a guilty plea and is sentenced on this charge and otherwise fully complies with this agreement, this Office will not initiate any further criminal charges against Wilder for (i) possessing or receiving images and videos of minors engaged in criminal sexual activity that were recovered from electronic devices seized from Wilder on or about July 22, 2024 and May 1, 2025, and (ii) enticing minors to engage in sexual activity on or about February 10, 2024, and in or about June and July 2024, as described in the criminal complaint, Mag. No. 25-10132 (MAH).

But if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain in full force and effect, this Office may reinstate any dismissed charges and initiate any other charges against Wilder even if the applicable statute of limitations period

for those charges expires after Wilder signs this agreement, and Wilder agrees not to assert that any such charges are time-barred.

Sentencing

The violation of 18 U.S.C. § 2252A(a)(2)(A) to which Wilder agrees to plead guilty in Count One of the Information carries a statutory minimum prison sentence of 5 years, a statutory maximum prison sentence of 20 years, and a statutory maximum fine equal to the greatest of: (1) $250,000, (2) twice the gross amount of an pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

The violation of Title 18, United States Code, Section 2252A(a)(5)(B) and (b)(2) to which Wilder agrees to plead guilty in Count Two of the Information carries a statutory maximum prison sentence of 20 years and a statutory maximum fine equal to the greatest of (1) $250,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

The prison sentences on Counts One and Two may run consecutively to each other or to any prison sentences Wilder is serving or is ordered to serve. Fines imposed by the sentencing judge may be subject to the payment of interest.

Pursuant to 18 U.S.C. § 2252A(b), if the Court determines that Wilder has a prior conviction under Chapter 110, section 1591, Chapters 71, 109A, or 117, or under section 920 of title 10 (article 120 of the Uniform Code of Military Justice), or under the laws of any state relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, or sex trafficking of children, then the violation of 18 U.S.C. § 2252A(a)(2)(A) (Count One) to which Wilder agrees to plead guilty instead carries a mandatory minimum sentence of 15 years' and a statutory maximum prison sentence of 40 years' imprisonment, and the violation of 18 U.S.C. § 2252A(a)(5)(B) (Count Two) to which Wilder agrees to plead guilty instead carries a mandatory minimum sentence of 10 years' imprisonment and a statutory maximum prison sentence of 20 years' imprisonment.

The sentence to be imposed upon Wilder is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551–3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. Those Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what Guidelines

range may be found by the sentencing judge, or as to what sentence Wilder ultimately will receive.

Further, in addition to imposing any other penalty on Wilder, the sentencing judge as part of the sentence:

(1) will order Wilder to pay an assessment of $100 per count pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2) must order Wilder to pay restitution pursuant to 18 U.S.C. § 2259, including restitution of at least $3,000 per victim for any conduct occurring after December 7, 2018;

(3) must order Wilder to pay an additional mandatory special assessment of $5,000, pursuant to the Justice for Victims of Trafficking Act of 2015, 18 U.S.C. § 3014, unless the Court finds Wilder to be indigent;

(4) must order Wilder, in addition to any other criminal penalty, restitution, or special assessment authorized by law, to pay an additional mandatory assessment pursuant to 18 U.S.C. § 2259A of (a) not more than $17,000 on any person convicted of an offense under section 2252(a)(4) or 2252A(a)(5), (b) not more than $35,000 on any person convicted of any other offense for trafficking in child pornography, and (3) not more than $50,000 on any person convicted of a child pornography production offense;

(5) must order forfeiture, pursuant to 18 U.S.C. § 2253, of any visual depiction which would violate 18 U.S.C. §§ 2251, 2251A, 2252, 2252A, 2252B, or 2260; any real or personal property traceable to gross profits or other proceeds obtained from such offense; and any real or personal property used or intended to be used to commit or to promote the commission of any such offense;

(6) for Count One and Count Two, pursuant to 18 U.S.C. § 3583(k), must require Wilder to serve a term of supervised release of at least five years and up to a maximum of life, which will begin at the expiration of any term of imprisonment imposed. Should Wilder be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Wilder may be sentenced to not more than 2 years of imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release. However, pursuant to 18 U.S.C. § 3583(k), should Wilder while on supervised released be found,

in a manner that satisfies *United States v. Haymond*, 139 S. Ct. 2369 (2019), to have committed an offense in violation of chapters 109A, 110, or 117, or section 1201 or 1591 of the United States code, for which imprisonment for a term longer than 1 year can be imposed, Wilder must be sentenced to at least 5 years' imprisonment and up to a maximum term of life imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Restitution

Pursuant to 18 U.S.C. § 3663(a)(3), 18 U.S.C. § 3663A(a) & (b), 18 U.S.C. § 3664, 18 U.S.C. § 2248, and 18 U.S.C. § 2259, Wilder agrees to make full restitution to all minor victims of his offenses as to all counts charged, whether or not Wilder enters a plea of guilty to such counts and whether or not such counts are dismissed pursuant to this agreement. Further, the defendant agrees to pay restitution to any of his minor victims, for the entire scope of his criminal conduct, including but not limited to, all matters included as relevant conduct. The defendant acknowledges and agrees that this criminal conduct (or relevant conduct) includes any minor victim of any child pornography offenses, charged or uncharged, under Chapter 110, United States Code, and any minor victim of any violation of federal and/or state law committed by the defendant, including any contact sexual offense. Further pursuant to 18 U.S.C. § 3664(d)(5), the defendant agrees not to oppose bifurcation of the sentencing hearing if the victims' losses are not ascertainable prior to sentencing. Wilder understands that the Court must order mandatory restitution of not less than $3,000 per victim for conduct occurring after December 7, 2018.

Forfeiture

As part of his acceptance of responsibility, and pursuant to 18 U.S.C. § 2253, Wilder agrees to forfeit to the United States all of his right, title, and interest in (1) all electronic devices seized on or about July 23, 2024 and May 1, 2025, on which law enforcement discovered visual depictions described in Sections 2251, 2251A, 2252, 2252A, 2252B, and 2260 of Title 18 of the United States Code; (2) all visual depictions described in Sections 2251, 2251A, 2252, 2252A, 2252B, and 2260 of Title 18 of the United States Code that were produced, transported, mailed, shipped, or received in violation of chapter 109A of Title 18 of the United States Code; (3) all property, real and personal, constituting or traceable to gross profits or other proceeds obtained from such offenses charged in the Information; and (4) all property, real and personal, used or intended to be used to commit or to promote the commission of the offenses charged in the Information and all property traceable to such property, including the items listed on Schedule B hereto, which is part of this plea agreement (the "Specific Property").

Wilder further waives and abandons all of his right, title, and interest in the Specific Property in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal; waives, releases, and withdraws any claim that Wilder may have made with respect to the Specific Property; waives and releases any future claim that Wilder might otherwise have made to the Specific Property; and consents to the destruction of the Specific Property.

Wilder further agrees to consent to the entry of orders of forfeiture for the Specific Property that may be final prior to sentencing, pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure. Wilder further waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Wilder understands that criminal forfeiture is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. Wilder waives any and all constitutional, statutory, and other challenges to the forfeiture on any and all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment. It is further understood that any forfeiture of Wilder's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture.

### Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office may take any position with respect to the appropriate sentence to be imposed on Wilder by the sentencing judge. This Office may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. And this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Wilder's activities and relevant conduct with respect to this case.

### Stipulations

This Office and Wilder will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

## Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A and the paragraph below, this Office and Wilder waive certain rights to appeal, collaterally attack, or otherwise challenge the judgment of conviction or sentence.

## Immigration Consequences

Wilder understands that, if he is not a citizen of the United States, his guilty plea to the charged offenses likely will result in him being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending Wilder's naturalization. Wilder understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Wilder wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause Wilder's removal from the United States. Wilder understands that Wilder is bound by this guilty plea regardless of any immigration consequences. Accordingly, Wilder waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. Wilder also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

## Registration Consequences

Wilder understands that his guilty plea to the charged offenses will likely result in a requirement that he register as a sex offender under federal and state law, and he will be subject to the registration law's requirements and penalties. Wilder wants and agrees to plead guilty to the charged offenses regardless of any registration consequences of this plea. Wilder understands that he is bound by his guilty plea regardless of any registration consequences of the plea. Accordingly, Wilder waives

any and all challenges to his guilty plea and to his sentence based on any registration consequences and agrees not to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any registration consequences of his guilty plea.

### Adam Walsh Child Protection and Safety Act

Wilder has been advised, and understands, that under the Sex Offender Registration and Notification Act, a federal law, he must register and keep the registration current in each of the following jurisdictions: where Wilder resides; where he is an employee; and where he is a student. Wilder understands that the requirements for registration include providing his name, his social security number, the address of any place where he resides or will reside, the names and addresses of any places where he is or will be an employee or a student, and the license plate number and a description of any vehicle owned or operated by him, among other information. Wilder further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which he resides, is an employee, or is a student not later than three business days after any change of his name, residence, employment, or student status. Wilder has been advised, and understands, that failure to comply with these obligations subjects him to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which carries a statutory maximum prison sentence of 10 years and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

### Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Wilder. So this agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement), or any third party from initiating or prosecuting any civil or administrative proceeding against him.

No provision of this agreement shall preclude Wilder from pursuing in an appropriate forum, when permitted by law, a claim that he received constitutionally ineffective assistance of counsel.

<u>No Other Promises</u>

This agreement constitutes the entire plea agreement between Wilder and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

> Very truly yours,
>
> TODD W. BLANCHE
> United States Deputy Attorney General
>
> ALINA HABBA
> Acting United States Attorney
> Special Attorney
>
> By: Casey S. Smith
> Assistant U.S. Attorney

APPROVED:

Joyce M. Malliet
Chief, National Security Unit

I have received this letter from my attorney, Michael Baldassare, Esq. I have read it. My attorney and I have reviewed and discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, restitution, registration consequences, and immigration consequences. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____  Date: 8/18/25
Jack Wilder
Defendant


I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, restitution, registration consequences, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____  Date: 8/18/25
Michael Baldassare, Esq.
Counsel for Defendant

## Plea Agreement With Jack Wilder

### Schedule A

1.      This Office and Jack Wilder ("Wilder") recognize that the United States Sentencing Guidelines do not bind the sentencing judge. Each party nevertheless agrees to these stipulations.

2.      The version of the Guidelines effective November 1, 2024 applies in this case.

3.      Counts One and Two are grouped together pursuant to U.S.S.G. § 3D1.2(d), and the offense level applicable to the group is the offense level corresponding to the aggregated conduct pursuant to U.S.S.G. § 3D1.3(b).

4.      The base offense level is 22 pursuant to U.S.S.G. § 2G2.2(a)(2).

5.      The base offense level should decrease by 2 levels pursuant to U.S.S.G. § 2G2.2(b)(1) because Wilder's conduct was limited to the receipt or solicitation of material involving the sexual exploitation of a minor and Wilder did not intend to traffic in, or distribute, such material.

6.      The base offense level should increase by 2 levels pursuant to U.S.S.G. § 2G2.2(b)(2) because the material involved a prepubescent minor or a minor who had not attained the age of 12 years.

7.      The base offense level should increase by 2 levels pursuant to U.S.S.G. § 2G2.2(b)(6) because the offense involved the use of a computer or an interactive computer service.

8.      The base offense level should increase by 5 levels pursuant to U.S.S.G. § 2G2.2(b)(7)(D) because the offense involved 600 or more images.

9.      As of the date of this letter, Wilder has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offenses charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Wilder's acceptance of responsibility continues through the date of sentencing. *See* U.S.S.G. § 3E1.1(a).

10.     As of the date of this letter, Wilder has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-level reduction in

Wilder's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Wilder enters a plea pursuant to this agreement, (b) this Office, in its discretion, determines that Wilder's acceptance of responsibility has continued through the date of sentencing and Wilder therefore qualifies for a 2-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Wilder's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

11.  Accordingly, the parties agree that the total Guidelines offense level (the "Total Offense Level") applicable to Wilder is 26.

12.  The parties agree not to advocate for any upward or downward adjustment or departure from the Guidelines range resulting from (a) the Total Offense Level and (b) the criminal history category that the sentencing judge applies under Chapter 4 of the Guidelines without any departure or variance. But each party may seek a variance from that Guidelines range, which the other party may oppose.

13.  If the term of imprisonment does not exceed 78 months, and except as specified in the next paragraph below, Wilder will not challenge or seek to reduce by any means any component of the sentence imposed by the sentencing judge for any reason other than ineffective assistance of counsel. The term "any means" includes a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(B) or (c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), and any other appeal, motion, petition, or writ, however captioned, that seeks to attack or modify any component of the sentence. If the term of imprisonment is at least 63 months, this Office will not challenge by appeal, motion, or writ any component of the sentence imposed by the sentencing judge. The provisions of this paragraph bind the parties even if the sentencing judge employs a Guidelines analysis different from the one above.

14.  Both parties reserve the right to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph or any other provision of this plea agreement. Moreover, the preceding paragraph does not apply to:

   a. Any proceeding to revoke the term of supervised release.

   b. A motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

   c. An appeal from the denial of a § 3582(c)(1)(A) motion on the grounds that the court erred in finding no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).

## Schedule B

1. One iPhone 13 with serial # CWP25JYJXN and IMEI # 351224678411548 recovered from WILDER on or about July 23, 2024, at the Stewart International Airport in New Windsor, New York.

2. One iPhone 15 with serial # H27GR4C636 and IMEI # 358019946429170 recovered from WILDER on or about May 1, 2025.